```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FLORENCE BARTOLOMEI,<br><br>          Plaintiff,<br><br>     v.<br><br>TWIN PONDS FAMILY RECREATION CENTER, et al.,<br><br>          Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>CIVIL NO. 06-0177 (JBS)<br><br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge**:

This matter comes before the Court on the motion of Defendant, Twin Ponds Family Recreation Center ("Defendant" or "Twin Ponds"), for summary judgment pursuant to Fed. R. Civ. P. 56 [Docket Item 4], due to lack of personal jurisdiction.[1] The Court will grant the motion for the following reasons:

1.  Under Fed. R. Civ. P. 4(e), a district court has personal jurisdiction over nonresident defendants "to the extent authorized under the law of the forum state in which the district court sits." Sunbelt Corp. V. Noble, Denton & Assoc., Inc., 5 F. 3d 28, 31 (3d Cir. 1993). New Jersey's long-arm statute extends personal jurisdiction to the boundaries of the Due Process Clause

---

[1] Although such an argument is often made pursuant to a motion to dismiss under Fed. R. Civ. P. 12(b)(2), in this case Defendant raised the defense in its answer and filed no motion to dismiss; therefore, Defendant has not waived this defense, Fed. R. Civ. P. 12(h), and this motion for summary judgment is appropriate.

Fourteenth Amendment.  See N.J. Ct. R. 4:4-4.  Thus, as the parties concede, the only analysis that this Court must perform is whether the assertion of personal jurisdiction over Twin Ponds satisfies the Due Process Clause.

2.  Plaintiff, Florence Bartolomei ("Plaintiff" or "Ms. Bartolomei"), is a resident of New Jersey who was allegedly injured in a fall at Defendant's ice hockey rink in Pennsylvania while attending her grandson's hockey game there.  Her grandson, who is also a resident of New Jersey, is on a travel hockey team that was invited to play at the rink.  Plaintiff filed this action against Twin Ponds alleging negligence.[2]

3.  A plaintiff may establish jurisdiction in a forum either by showing that the defendant has continuous and systematic contacts with the forum (general jurisdiction) or that the cause of action arose out of defendant's activities within the forum state (specific jurisdiction).  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).  To establish either general or specific jurisdiction, a plaintiff must show that each of the defendant's relevant contacts with the forum are shaped by purposeful conduct making it reasonable for the defendant to anticipate being haled into court here.  World-Wide

---

[2] This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as Plaintiff is a resident of New Jersey, Defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania, and the amount in controversy exceeds $75,000.  (See Compl. at ¶ 6.)

Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit of the protection of its laws."  Hanson v. Denckla, 357 U.S. 235, 253 (1958).

4.  "In any action the plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction."  Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances, 723 F.2d 357, 362 (3d Cir. 1983).  However, the plaintiff must only make out a prima facie case of minimum contacts.  See Grand Entm't Group Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 483 (3d Cir. 1993) (after plaintiff makes prima facie case of minimum contacts, burden shifts to defendant to show jurisdiction would be unreasonable).  Furthermore, the Court must construe the facts in the light most favorable to Plaintiff and must resolve disputed facts in favor of Ms. Bartolomei in determining whether she has met her burden of proving that personal jurisdiction is proper through affidavits or other competent evidence.  Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996); see also Carteret Sav. Bank, 954 F.2d 141, 142 n. 1 (3d Cir. 1992); Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002).

5. A plaintiff asserting that a court has specific jurisdiction over a foreign defendant must establish that the defendant (1) has made the necessary "minimum contacts" with the forum for the assertion of jurisdiction, and (2) those contacts must be deemed reasonable, such that the court's assertion of jurisdiction "would comport with 'fair play and substantial justice.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). To determine that a defendant has the minimum necessary contacts with the forum state the Court must find that "the defendant purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protection of its laws." Hanson, 357 U.S. at 253. "A single, unsolicited contact, random or fortuitous acts or the unilateral acts of others (including the plaintiff) do not constitute a purposeful connection between the defendant and the forum state." Osteotech v. Gensci Regeneration Sciences, Inc., 6 F. Supp. 52, 56 (D.N.J.1998) (citing Burger King, 471 U.S. at 476).

6. An exercise of general jurisdiction is consistent with due process only when the plaintiff has satisfied the "rigorous" burden of establishing that the defendant's contacts are continuous and substantial. See Giangola v. Walt Disney World Co., 753 F. Supp. 148, 154 (D.N.J.1990). If the defendant

maintains continuous and substantial contacts with the forum generally, the contacts need not be specifically related to the underlying cause of action.  Int'l Shoe, 326 U.S. 310; Provident Nat'l Bank v. California Fed. Sav. and Loan Ass'n, 819 F.2d 434, 438 (3d Cir. 1987).

7.   Specific personal jurisdiction over a nonresident defendant, on the other hand, is appropriate when a plaintiff's cause of action arises directly from the defendant's actions in the forum state.  Giangola, 753 F. Supp. at 155.  Courts must examine the relationship among the defendant, the forum and the cause of action to determine whether the defendant had "fair warning" that it could be brought to suit here.  Shaffer v. Heitner, 433 U.S. 186 (1977).  A court will presume the existence of fair warning if the defendant directed its activities at residents of the forum.  Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984).  There is no requirement that the defendant entered the forum state when it conducted these activities; rather, its forum-related conduct must form the basis of the alleged injuries and resulting litigation.  Helicopteros, 466 U.S. 408.

8.   In this case, the Court does not have general or specific personal jurisdiction over Defendant.

9.   There is no general jurisdiction because Plaintiff has not come forward with any showing that Twin Ponds has systematic

and continuous contacts with the State of New Jersey.  While it is true that Twin Ponds hosts hockey games between travel hockey teams, including teams from New Jersey, Twin Ponds conducts all of its business in Pennsylvania and could not reasonably anticipate being haled into court in New Jersey merely because the hockey rink is open to inter-state league play.  Plaintiff has identified no act of Defendant's that would indicate it purposefully availed itself of this forum, let alone that it did so continuously.

10.  Plaintiff points to Twin Ponds's website, which advertises itself as the home of teams in a league with New Jersey teams.  However, this website also does not constitute purposeful availment of New Jersey's laws.  There is nothing on the website print-out, which Plaintiff has attached to its opposition, that is directed at New Jersey or its residents.  Further, District of New Jersey Courts have held that informational internet websites are like national advertisements[3] and do not subject the companies whose products they advertise to national jurisdiction.  Weber v. Jolly Hotels, 977 F. Supp. 327, 333 (D.N.J. 1997); Osteotech, 6 F. Supp. 2d at 356 (citing

---

[3] Gehling v. St. George's School of Medicine, 773 F.2d 539, 542 (3d Cir. 1985); see also Giangola v. Walt Disney World Co., 753 F. Supp. 148, 156 (D.N.J.1990) ("In an age of modern advertising and national media publications and markets, plaintiffs' argument that such conduct would make a defendant amenable to suit wherever the advertisements were aired would substantially undermine the law of personal jurisdiction.")

"concern that a finding of jurisdiction based on an Internet website would amount to a finding of worldwide jurisdiction over anyone who establishes a website").

11. Nor does this Court have specific jurisdiction in this action. The injury at issue occurred at Defendant's rink in Pennsylvania. Plaintiff points to no conduct of Defendant in New Jersey that is connected to this incident; there is no "forum-related conduct [that] form[s] the basis of the alleged injuries and [this] resulting litigation." Helicopteros, 466 U.S. at 408.

12. The facts that Plaintiff is from New Jersey and that Defendant could reasonably anticipate that its patrons on a given evening would be from New Jersey are not sufficient to establish Defendant's purposeful availment of the forum. Contact with forum residents is not the issue, when that contact occurred outside the forum; the issue is whether there was purposeful contact with the forum and there was none. See Osteotech, 6 F. Supp. at 56 (plaintiff's unilateral act insufficient to establish minimum contacts). Here there was none; the New Jersey plaintiff availed herself of the Pennsylvania facility, and not the reverse.

13. Accordingly, the Court will grant the motion for summary judgement because the Court lacks the personal

jurisdiction over defendant Twin Ponds necessary to adjudicate this claim.[4]

## CONCLUSION

For the foregoing reasons, the Court will grant the Motion for Summary Judgment by Defendant, Twin Ponds Family Recreation Center [Docket Item 4], due to lack of personal jurisdiction. The accompanying Order shall be entered.


**December 13, 2006**             **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  U.S. District Judge

---

[4] Pursuant to Federal Rule of Civil Procedure 21, the Court will exercise its discretion drop the unnamed, unserved "John Doe" and "XYZ" defendants listed on the docket in this action. "[P]arties may be dropped.. . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just." Fed. R .Civ. P.  21.  See also Adams v. City of Camden, No. 05-7779 slip op. at 7, ___ F. Supp. 2d. ___(D.N.J. 2006).  Plaintiff has failed to identify these defendants, to indicate how they might be responsible for her injuries, or to come forward with any showing that the Court has personal jurisdiction over them.  Accordingly, all claims against all defendants are terminated and the case shall be closed.